The Honorable John E. Brown State Senator 17900 Ridgeway Drive Siloam Springs, Arkansas 72761-8866
Dear Senator Brown:
I am writing in response to your request for an opinion on several questions concerning the holding of public meetings under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to 109 (Supp. 2001). Specifically, you have enclosed a letter from a constituent posing five questions related to the holding of meetings by the Benton/Washington County Regional Public Water Authority. According to the information enclosed with your request, meetings of this public entity are currently being held at a water treatment facility. Questions have arisen due to increased security measures in place at that facility after the terrorist attacks of September 11, 2001. Specifically, you have forwarded the following five questions for resolution:
1. Can public meetings be held behind locked gates?
 2. Must a citizen verbally identify themselves to a guard to gain entrance to a public meeting?
 3. Must a citizen show proof of identification to attend a public meeting?
 4. Must a citizen have their [sic] picture taken to attend a public meeting?
 5. Is a citizen required to sign a sign in sheet when attending a public meeting?
RESPONSE
In my opinion if the "locked gates" prevent reasonable access to the public meeting, then the answer to your first question is "no." In response to your second, third, fourth and fifth questions, in my opinion an identification requirement to gain access to a public meeting violates the FOIA.
Question 1 — Can public meetings be held behind locked gates?
It has been stated that the "reasonableness of . . . access that is afforded [to attend a public meeting] must, of course, be assessed on a case-by-case basis." Op. Att'y. Gen. 96-317 at 2. It has also been stated that "[t]he question is whether an agency has provided reasonable access, under the circumstances, to those persons wishing to attend and has not systematically excluded or arbitrarily refused admittance to any individuals." Watkins, The Arkansas Freedom of Information Act (mm Press 1998) at 302. Obviously, therefore, the legality of holding a public meeting behind "locked gates" must be assessed with reference to all the pertinent facts. I will note that the access must be reasonable "under the circumstances." Obviously after the September 11, 2001 terrorist attacks some added security measures may be prudent in all public venues. The current "circumstances," therefore, may influence the "reasonableness" of the access afforded. In my opinion, a court faced with the question would weigh the need for increased security against the public rights guaranteed by the FOIA, taking into account all the pertinent facts. A number of factors may be relevant in this balance, including the nature of the security risk, the extent of the impediment to public access and the availability of other venues where meetings could be held with less disruption of access.
With regard specifically to holding public meetings behind "locked gates," in my opinion if the gates are locked but opened readily by security personnel upon the arrival of persons wishing to attend the public meeting, there may be no violation of the FOIA. The impediment to public access would be small in such a case. If reasonable and timely access to the meeting is denied such persons because of the locked gates, however, a violation will in my opinion exist.
Question 2 — Must a citizen verbally identify themselves to a guard togain entrance to a public meeting?
This question is not as purely concerned with "access" to the public meeting as your first question. "Access" is defined as "permission, liberty or ability to enter. . . ." Webster's Seventh New CollegiateDictionary (1972) at 5. A locked gate may impede or slow a person's ability to enter a given locale. The question in that case is therefore whether the access is reasonable under the circumstances. A verbal identification requirement, however, places a separate condition on such entrance. The question is whether this condition violates the FOIA.
I have found no helpful case law or precedents from any jurisdiction on this question. In some states, the applicable statute prohibits an identification requirement to attend a public meeting. See e.g., Kentucky Revised Statutes § 61.840 (stating that "[n]o condition other than those required for the maintenance of order shall apply to the attendance of any member of the public at any meeting of a public agency. No person may be required to identify himself in order to attend any such meeting"). Arkansas has no similar statutory provision. In my opinion, however, an identification requirement is antithetical to the openness required by the Freedom of Information Act. The legislative intent of that Act is of course that "public business be performed in an open and public manner. . . ." A.C.A. § 25-19-102. The gatherings of entities subject to the act "shall be public meetings." A.C.A. § 25-19-106(a).
One definition of the word "open" is "requiring no special status, identification, or permit for entry or participation." Webster's SeventhNew Collegiate Dictionary (1972) at 590. One definition of the word "public" is "open to all." Black's Law Dictionary (5th Ed. 1979) at 1104 (emphasis added).
I must conclude, therefore, that a requirement of identification to attend a public meeting is contrary to the "open meetings" requirement of the FOIA. This is not to say, however, that other types of security measures will necessarily violate the act. Identification, however, in my opinion, is a peculiarly problematic condition to attach to public meeting attendance. I therefore cannot conclude that an identification requirement is consistent with the act, absent an amendment of the relevant statutory scheme.
Question 3 — Must a citizen show proof of identification to attend apublic meeting?
No. See response to Question 2.
Question 4 — Must a citizen have their [sic] picture taken to attend apublic meeting?
In my opinion the photographing of a citizen in such context is, similarly, contrary to the FOIA. This condition is indistinguishable, in my opinion, from the identification requirements discussed above.
Question 5 — Is a citizen required to sign a sign in sheet when attendinga public meeting?
In my opinion such a requirement would violate the FOIA for the same reasons discussed above. See response to Question 2.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh